## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WADE TREVOR COX,<br>          Appellant, | DOCKET NUMBER<br>SF-0752-24-0325-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>          Agency. | DATE: May 12, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeffrey Glenn Letts</u>, Esquire, Ruther Glen, Virginia, for the appellant.

<u>Joshua J. Roever</u>, Esquire, and <u>David A. Thayer</u>, Esquire, Bremerton, Washington, for the agency.

<u>Kenneth J. Bacso</u>, Esquire, and <u>Mona C. Williams</u>, Esquire, Silverdale, Washington, for the agency.

<u>Kimberly M. Engel</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal.[2] On petition for review, the appellant argues that there are sufficiently sound reasons for overturning the administrative judge's credibility

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings, that there is an insufficient nexus between the alleged misconduct and the efficiency of the service, and that the penalty of removal exceeds the tolerable limits of reasonableness. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address all relevant penalty factors, including mitigating factors not presented to the deciding official, we AFFIRM the initial decision.

This appeal concerns the appellant's removal, effective February 6, 2024, from his position of a GS-13 Supervisory Logistics Management Specialist at the Trident Refit Facility Bangor (TRFB) based on the charge of conduct unbecoming a supervisor. Initial Appeal File (IAF), Tab 1, Tab 3 at 14-17. The specifications concerned a workplace verbal altercation between the appellant and his colleague on the morning of October 14, 2021, and another verbal altercation later that morning with his colleague and his supervisor. *Id.* at 59. The administrative

---

[2] This appeal concerns the appellant's removal, effective February 6, 2024. Initial Appeal File, Tab 1, Tab 3 at 14-17. The agency previously removed the appellant, effective January 2022, for the same misconduct but restored him retroactively in compliance with the Board's Final Order on his appeal of that removal. *See Cox v. Department of the Navy*, MSPB Docket No. SF-0752-22-0180-I-1, Final Order (Aug. 23, 2023).

judge found that the agency proved the specifications of its charge based on the documentary evidence and testimony of witnesses to the appellant's misconduct, which she found to be more credible than the appellant's testimony, considering the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). IAF, Tab 17, Initial Decision (ID) at 5-12. When an administrative judge has held a hearing and has made credibility determinations that were explicitly or implicitly based on witness demeanor while testifying, the Board must defer to those credibility determinations and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). While the appellant presents several arguments for overturning the administrative judge's credibility findings, Petition for Review (PFR) File, Tab 1 at 4-15, we find that they were thorough and well-reasoned and do not find sufficiently sound reasons to disturb them. Accordingly, we affirm the administrative judge's findings sustaining the agency's charge. ID at 5-12.

The appellant also argues that there is an insufficient nexus between his misconduct and the efficiency of the service. PFR File, Tab 1 at 15-16. The administrative judge provided a thorough analysis of nexus and appropriately found that the appellant's workplace misconduct affected the efficiency of the service. ID at 12-13. The appellant's mere disagreement with the administrative judge's explained findings does not provide a basis for review. *See Dieter v. Department of Veterans Affairs*, 2022 MSPB 32, ¶ 14 (finding that the restatement of arguments from below that merely disagreed with the administrative judge's well-reasoned findings provided no basis to disturb the initial decision).

Concerning the penalty, when the agency's charge has been sustained as is the case here, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised

management discretion within the tolerable limits of reasonableness. *Chin v. Department of Defense*, 2022 MSPB 34, ¶ 24; *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In *Douglas*, 5 M.S.P.R. at 305-06, the Board listed 12 nonexhaustive factors that are relevant in assessing the penalty to be imposed for an act of misconduct, including, as relevant here: the nature and seriousness of the offense and its relation to the appellant's duties, position and responsibilities, his supervisory status, his past work record, the effect of the offense on the supervisors' confidence in his ability to perform assigned duties, the consistency of the penalty with those imposed upon other employees for the same or similar offenses, the clarity with which he was on notice of any rules that were violated in committing the offense or had been warned about the conduct in question, his potential for rehabilitation, mitigating circumstances, and the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the appellant and others. The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Chin*, 2022 MSPB 34, ¶ 24. The Board's role in this process is not to insist that the balance be struck precisely where the Board would choose to strike it if the Board were in the agency's shoes, but merely to ensure that a responsible balance was struck. *Douglas*, 5 M.S.P.R. at 306.

Here, we agree with the administrative judge that the deciding official appropriately considered the relevant penalty factors and that the penalty of removal was within tolerable limits of reasonableness. ID at 13-15. The appellant reasserts on review that the agency, in determining its penalty, could not rely on past misconduct that was not part of his disciplinary record. PFR File, Tab 1 at 18; *see* IAF, Tab 11 at 10. The Board has expressly held otherwise— provided that the appellant received notice and an opportunity to respond, and that the administrative judge resolves any conflicting evidence regarding past misconduct. *See Thomas v. U.S. Postal Service*, 96 M.S.P.R. 179, ¶¶ 9-12 (2004).

With its notice of proposed removal, the agency provided the appellant with numerous emails from his supervisor and others documenting instances of similar behavior and a letter of reprimand concerning an outburst in October 2018 that had been mitigated to an oral admonishment. IAF, Tab 3 at 59, 72-93, 96-98. The deciding official, considering this evidence and the appellant's response, found that the appellant had been on notice that his pattern of behavior was unacceptable and that he did not have the ability to get along with others, thus lacking rehabilitative potential. *Id.* at 15. While the appellant has argued that his positive performance ratings, his awards, and the testimony of his subordinates and colleagues discounts the alleged severity of his past behavior, *see* IAF, Tab 3 at 50, 94-95, Tab 10, Tab 11 at 9-10; PFR File, Tab 1 at 18-20, the administrative judge was unpersuaded by these arguments and found that the deciding official appropriately determined that these mitigating factors did not outweigh the aggravating factors. ID at 14 n.8, 15. She found the whole of his supervisor's testimony credible, which included testimony about the appellant's history of similar behavior, and she did not find the appellant's testimony credible, including his testimony dismissing the significance of the misconduct underlying the 2018 reprimand. ID at 11, 14 n.7. Accordingly, we find that the administrative judge properly resolved the issue of the appellant's past misconduct in the penalty analysis.

We note that the administrative judge did not expressly address the appellant's challenges to one alleged instance of past misconduct. *See* IAF, Tab 3 at 78-83; PFR File, Tab 1 at 18. Specifically, two of the appellant's subordinate employees testified that he did not act inappropriately during a meeting in September 2020 as other agency employees attending the meeting had claimed. *Compare* IAF, Tab 3 at 78-83, Tab 15-2 (testimony of the proposing official), *with* IAF, Tab 3 at 53-55, Tab 15-8 (witness testimony), Tab 15-10 (witness testimony). We find it unnecessary to resolve this apparent conflict in the record. This alleged instance of misconduct was one of several examples of the

appellant's negative interactions with employees presented to the deciding official, and we find no indication that the deciding official would have made a different decision as to the penalty had he not considered it. *See* IAF, Tab 3 at 61, 72-77, 84-93, 96-98.

We modify the initial decision to address the issue of comparators, which the appellant reraises on review. PFR File, Tab 1 at 19; *see generally Douglas*, 5 M.S.P.R. at 305 (stating that an agency should consider the consistency of the penalty with those imposed upon other employees for the same or similar offenses). In reply to his proposed removal, the appellant presented to the deciding official three supervisors at TRFB who engaged in workplace misconduct, including cursing at other employees, and received either a letter of reprimand or a 1-day suspension. *See* IAF, Tab 3 at 21, 30-41. The decision letter on the appellant's proposed removal reflects that the deciding official considered the other disciplinary actions at TRFB presented by the appellant, and the deciding official testified to the same. IAF, Tab 3 at 15, Tab 15-3 (testimony of the deciding official). The deciding official did not explain, however, whether he found these individuals' misconduct to be substantially similar to the appellant's and, if so, why he found a more severe penalty for the appellant to be justifiable. IAF, Tab 3 at 15; IAF, Tab 15-3 (testimony of the deciding official).

In assessing the agency's penalty determination, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14; *see Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988) (providing that a person does not have a legally protected interest in the evenness of a misconduct penalty assessed on him compared to that assessed on others unless employees are knowingly treated differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service"). To establish disparate penalties among employees, the appellant must show that "the charges and the circumstances surrounding the charged behavior are substantially

similar." *Miskill v. Social Security Administration*, 863 F.3d 1379, 1384 (Fed. Cir. 2017). The universe of potential comparators will vary from case to case, but it should be limited to those employees whose misconduct or other circumstances closely resemble those of the appellant. *Singh*, 2022 MSPB 15, ¶ 13. Here, we note that each of the individual's misconduct was unique and unrelated to any other individual's misconduct. *See* IAF, Tab 3 at 30-41; *cf. Williams v. Social Security Administration*, 586 F.3d 1365, 1368-69 (Fed. Cir. 2009) (finding that the individuals' participation in the same tax fraud scheme required that the agency justify the alleged disparity in the discipline they received). Even assuming that comparing these individuals' penalties is appropriate, this is simply one of a nonexhaustive list of 12 factors that are relevant for consideration in determining the appropriateness of a penalty. *Singh*, 2022 MSPB 15, ¶ 18. As the Board explained in *Singh*, there often will be a range of penalties that would fall within the tolerable limits of reasonableness in a given case: that an agency chooses to impose a penalty at the more lenient end of that range in one case should not mean that it cannot impose a penalty at the more severe end of that range in another case. *Id.* Thus, we do not find that the deciding official abused his discretion in selecting a more severe penalty for the appellant than the agency had selected for other supervisors at TRFB who engaged in workplace conduct unbecoming.

We also supplement the initial decision to address mitigating factors that the appellant did not present to the deciding official but, rather, argued for the first time in his Board appeal. Where new evidence supporting mitigation of the penalty is presented to the Board, the evidence must be considered in determining whether the agency's penalty was reasonable. *Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 11 (2015); *see Norris v. Securities & Exchange Commission*, 675 F.3d 1349, 1356-1357 & n.5 (Fed. Cir. 2012). Nevertheless, an appellant's failure to bring a mitigating factor to an agency's attention may affect the weight of that factor. *See Norris*, 75 F.3d at 1356, n.5

(citing *Singletary v. Department of the Air Force*, 94 M.S.P.R. 553, 560 (2003) and *Bryant v. General Services Administration*, 23 M.S.P.R. 425, 427 (1984)).

As the appellant correctly states on review, the initial decision does not address evidence of significant stressors preceding his misconduct. PFR File, Tab 1 at 20-21. Specifically, the appellant testified that Child Protective Services removed his children from his home just before the events, and he had been out of work October 4-8, 2021, to deal with the situation. IAF, Tab 15-13 (testimony of the appellant). He also submitted a letter from the court appointed Guardian ad Litem for his children describing the circumstances and the extreme stress and pressure placed on him as a result. IAF, Tab 10 at 4. It is undisputed that little information concerning the appellant's personal and family issues at the time was provided to the deciding official. *See* IAF, Tab 3 at 14-15, 61, Tab 15-3 (testimony of the deciding official), Tab 15-13 (testimony of the appellant). Notably, while the appellant's supervisor was aware of the situation, and the appellant provided information on the situation to TRFB's security office as well, he did not present this information in his reply to the deciding official as an explanation for his misconduct. IAF, Tab 3 at 18-21, Tab 15-13 (testimony of the appellant). Instead, he denied the misconduct and attacked the credibility of his colleague and supervisor who witnessed it. IAF, Tab 3 at 18-21, Tab 15-3 (testimony of the deciding official). Thus, in considering the probative weight that should be afforded to this mitigating factor, we draw an adverse inference from his failure to bring it to the deciding official's attention. *Cf. Singletary*, 94 M.S.P.R. 553, ¶ 15 (finding late expressions of remorse to be of little mitigating weight). Furthermore, as explained in the initial decision, the appellant's misconduct was not isolated: he had previously received an oral admonishment for a temperamental outburst in October 2018, and repeated coaching from his supervisor about his angry and hostile demeanor. ID at 14; *see* IAF, Tab 3 at 61, 72-77, 84-93, 96-98, Tab 15-2 (testimony of the proposing official). Evidence of severe stressors around the time of his misconduct in

October 2021 does not fully account for his pattern of similar behavior. Under these circumstances, we do not find this evidence to be of sufficient weight to warrant mitigation of the penalty.

The appellant has also argued that his successful employment in the private sector since the time of the agency's first removal action, in 2022, demonstrates his potential for rehabilitation. PFR File, Tab 1 at 19-20; IAF, Tab 11 at 11, Tab 15-13 (testimony of the appellant). The Board is required to consider post-removal evidence that is relevant to potential mitigation of the imposed penalty. *Norris*, 675 F.3d at 1357. However, we do not believe that the mere fact of successful employment elsewhere is of sufficient weight to warrant mitigation of the penalty. Notably, the deciding official testified that he decided against demoting the appellant because, among other reasons, it would require the appellant to work under the colleague that he had yelled and cursed at, which he did not believe the appellant could do. IAF, Tab 15-3 (testimony of the deciding official); *see* IAF, Tab 3 at 59. Thus, we believe that the appellant's ability to work elsewhere with different individuals is of negligible probative value in this case.

We find that the appellant's remaining arguments concerning the penalty constitute mere disagreement with the administrative judge's explained findings, which does not establish a basis for review. *See Dieter*, 2022 MSPB 32, ¶ 14. Accordingly, we AFFIRM the initial decision sustaining the appellant's removal as MODIFIED.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.